16-37-cv
*James P. McGee v. James Dunn, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand seventeen.

PRESENT:  JOSÉ A. CABRANES,
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
             *Circuit Judges.*

---

JAMES P. MCGEE,

                *Plaintiff-Appellant,*                           16-37-cv

          v.

JAMES DUNN, ET AL.,

                *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          JONATHAN LOVETT, Jonathan Lovett, PC, White Plains, N.Y.

FOR DEFENDANTS-APPELLEES:          ROCCO G. AVALLON, (Christopher F. Bellistri, *on the brief*), Avallone & Bellistri, LLP, Lake Success, N.Y.

                                   THOMAS J. MINOTTI, Thomas J. Minotti, PC, Lagrangeville, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Frederick P. Stamp, *Judge*).*

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 16, 2015 judgment of the District Court is **AFFIRMED**.

Defendant-appellant James McGee ("Appellant") appeals a December 16, 2015 summary judgment of the District Court, dismissing the claims against James Dunn and the Officer Defendants for (1) conspiracy to violate the Appellant's Fourth and Fourteenth Amendment rights, (2) false arrest and (3) malicious prosecution in violation of 42 U.S.C. § 1983. For the reasons set forth below, we affirm the judgment of the District Court. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## STANDARD

We review *de novo* an order granting summary judgment, examining the evidence in the light most favorable to the non-moving party. *See Boyd v. City of New York,* 336 F.3d 72, 75 (2d Cir. 2003). Summary judgment is only appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013).

## DISCUSSION

### I. Claims against James Dunn

The primary question is whether Dunn qualifies as a "state actor" for the purposes of a § 1983 conspiracy claim. For a § 1983 conspiracy claim, the Plaintiff must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999).

We agree with the District Court that there is no evidence to show Dunn and the Officer Defendants had a "meeting of the minds" to conspire against the Plaintiff. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970). On the record before us, the key fact is that Officer Fox independently decided, without approval or orders from anyone else, to arrest the Appellant. Dunn had no connection or contact with Officer Fox. When asked if Officer Fox was "the only person who

---

* Judge Frederick P. Stamp of the Western District of Virginia, sitting by designation.

determined to arrest [the plaintiff]," he answered "Yes." ECF No. 135 Ex. K at 94. When asked if anyone "else participated in making that determination," he answered "No." *Id.* As the District Court writes: "More dispositive than the above statements, however, is the lack of any relationship or agreement between defendants Dunn and Fox that demonstrates a 'meeting of the minds.' In his deposition, Fox was asked if '[p]rior to March 27, 2007, had anybody indicated to you, in words or substance, there was any litigation or lawsuit between James Dunn and Mr. McGee,' to which he responded 'No.' *Id.* at 91. Moreover, it is undisputed that defendant Fox 'is not now and has never been a friend of Dunn.' ECF No. 155 ¶ 10. Defendant Fox was the only individual present with Galindo when Galindo provided his statement regarding the plaintiff's phone call." *McGee v. Dunn*, No. 09 CIV. 6098 (FPS), 2015 WL 9077386, at *5 (S.D.N.Y. Dec. 16, 2015).

While Dunn may have discussed his civil dispute with Sergeant Harney and encouraged Galindo to file a voluntary statement with the Carmel Police Department, these facts do not amount to a conspiracy claim. The Appellant's other allegations also fall short. For example, the Appellant alleges Detective Karst acted in furtherance of the conspiracy by conducting a "sham" investigation. Nothing in the record supports that allegation or even reveals interactions between Dunn and Detective Karst. The assertions about Dunn's interactions with Assistant District Attorney Noah also lack basis in the record.

Accordingly, we affirm the District Court's determination that Dunn was not a "state actor" for the purposes of a § 1983 claim. The claims against Dunn were appropriately dismissed.

## II. Claims Against the Officer Defendants

The District Court also dismissed the Appellant's claims with respect to the Officer Defendants, finding that they were entitled to qualified immunity as a matter of law. We agree.

Qualified immunity shields police officers from damage claims against them in their personal capacities. *See, e.g., Malley v. Briggs*, 475 U.S. 355 (1986); *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123 (2d Cir. 1997). To receive qualified immunity with respect to an allegation of false arrest, an officer need only show that he "arguably" had probable cause for arrest—not that he "actually" had probable cause for arrest. *See Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir. 2000). A police officer need only demonstrate that "(1) it was objectively reasonable for the officer to believe there was probable cause to make the arrest, or (2) reasonably competent police officers could disagree as to whether there was probable cause to arrest." *Ricciuti,* 124 F.3d at 128. Since law enforcement encounters a variety of circumstances, many requiring prompt action, "there can frequently be a *range* of responses to given situations that competent officers may *reasonably* think are lawful." *Walczyk v. Rio,* 496 F.3d 139, 155 n. 16 (2nd Cir. 2007). Simply put, qualified immunity is a deliberately "forgiving" standard. *Amore v. Novarro,* 624 F.3d 522, 530 (2d Cir. 2010).

The central question here is whether Galindo's voluntary statement constitutes "arguable" probable cause to support an arrest for tampering with a witness under New York Penal Law § 215.10. We conclude that it was sufficient. In Galindo's statement to the Carmel Police Department, he recounted the phone call that he had received from the Appellant explaining that Appellant had called him and said that Jaime Dunn is using his name and that if he goes to court they are going to ask him if he is legal in the United States. While the Officer Defendants might have done more to investigate the veracity of Galindo's statement or the nature of the underlying civil dispute, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley*, 475 U.S. at 341. In the instant appeal, Galindo clearly gave the Officer Defendants reason to believe that the Appellant threatened him in an attempt to procure his absence from the pending civil action. *See* N.Y. Penal Law § 215.10. "[A] law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Martinez*, 202 F.3d at 634.

Accordingly, we affirm the District Court's decision to grant qualified immunity to the Officer Defendants as a matter of law.

## CONCLUSION

We have considered all of defendant's remaining claims and found them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk